OMAHA HORSE-RY. CO. *v.* CABLE TRAM-WAY CO. OF OMAHA.[1]

(*Circuit Court, D. Nebraska.* February 6, 1888.)

COURTS—FEDERAL JURISDICTION—SUPPLEMENTAL BILL.
   While the federal courts have jurisdiction of actions between citizens of the same state when federal questions are involved, and may, in such actions, determine issues otherwise triable by the state courts, their jurisdiction cannot be extended to other questions and issues raised by supplemental bill filed after the determination of the original cause.

In Equity. On demurrer to supplemental bill.

BREWER, J. This case is now submitted on demurrers to supplemental bill and amendments thereto. A brief review of the past litigation is important. The original bill was filed by the complainant, a corporation chartered by the legislature of the territory of Nebraska, and given an exclusive franchise for the building and operating of a horse-railroad in the city of Omaha for the term of 50 years. The defendant is also a corporation, organized under the laws of the state of Nebraska, and having received, as was claimed, permission from the city of Omaha, was proceeding to construct a cable tram-way in its streets. The bill sought to enjoin the defendant from prosecuting its work, on the ground that such cable tram-way was an infringement of the exclusive franchise given to complainant, which exclusive franchise the state of Nebraska was restrained by the federal constitution from interfering with in any way, directly or indirectly. Upon the hearing of the case I ruled that the complainant's exclusive franchise was limited to a mere horse-railway, and did not include all manner of street-railway travel, and therefore that the cable tram-way was no invasion of its exclusive franchise.

It was strenuously insisted by the defendant that, having ruled on the federal question against the complainant, the only proper decree was one dismissing the bill; but, under the authority of *Railroad Co. v. Mississippi*, 102 U. S. 135, and cases cited therein, I ruled that the existence of a federal question gave to this court jurisdiction of the entire cause, and that it was its duty to hear and determine all other questions existing in the case between the parties. The constitution of the state of Nebraska prohibits both the damaging and the taking of private property for public uses without compensation, and it seemed to me, under the facts as disclosed by the testimony, that while the complainant's exclusive franchise was not invaded, its property rights were damaged by the building of the proposed cable tram-way. I therefore directed that the matter of the damages to its property be referred to a commission. That commission examined the question, and reported in favor of the complainant a certain amount. On exceptions to their report, and a motion to confirm it, a second lengthy hearing was had. After reducing the amount allowed by the commissioners, I sustained their report, and di-

[1] See former reports of this case, 30 Fed. Rep. 324, and 32 Fed. Rep. 727.

rected a final decree in favor of the complainant for such amount. No such decree has been in fact entered, but, after the proceedings above named, complainant obtained leave to file a supplemental bill, and subsequently certain amendments thereto. The matters presented in these pleadings are those now challenged by demurrer and before me for consideration.

There are three matters presented: *First,* it is averred that the supposed permission to the defendant to occupy the streets of Omaha with its cable tram-way was never in fact legally given, and that its entry upon the streets was a mere trespass; *second,* there is presented a question about the occupancy of a street heretofore occupied by neither party; and, *third,* defects in the construction of certain crossings of complainant's track by defendant's tram-way are alleged. Several grounds for demurrer were discussed on the argument. One only will be noticed, as that is deemed fatal.

It is doubtless true, as a general proposition, that, at any time before final decree, the court may permit the bringing in of matters germane to the original controversy which have accrued since the filing of the original pleadings, in order to make a decision of the entire controversy between the parties. But is not this rule largely affected by the question whether the court is one of general or limited jurisdiction? Can it convey the jurisdiction to matters over which, but for the rule, there would be none? The parties here are both citizens of Nebraska, and ordinary disputes between them must be settled by the state courts, and the federal courts can only take cognizance of a controversy between them in which there is a federal question. Now, if it be true, as I think it is, and have so held, that the existence of a federal question in the case as presented gives the court jurisdiction to hear and determine all of the pending questions, can it be true that it also gives the court power to continue the case, and draw to itself all subsequent disputes, even if connected with and germane to the original controversy? See to what that, in this case, might lead. The complainant's charter has 30 years still to run. Some of the streets are occupied by the tracks of each party; and, as the city grows, more will be occupied by each, and doubtless, in some cases, the same street by both. Crossings will, in the nature of things, have to be made. Perhaps there will be negligence in the construction of these crossings; perhaps negligence in the management of cars of each as they approach such crossings. All such controversies naturally and properly belong in the state courts. Can it be that, because in the first instance there was a federal question growing out of the alleged invasion of an exclusive franchise, the federal courts can, by supplemental bills, take cognizance of these continuing and repeating controversies? It will be borne in mind that there has not been constant unanimity on the part of the judges of the supreme court on the question whether the existence of a federal question gives the federal court power to hear and determine all the questions in the case, and surely, if that be a matter of doubt, it would be unwise to attempt to carry the jurisdiction of the federal court a step further. It is not the design of

the federal constitution, or the purpose of congress, to make the federal court arbitrators of disputes between citizens of the same state. To their own courts such citizens must look, and the repeated monitions of the supreme caution the trial courts not to take jurisdiction of cases of which their jurisdiction is doubtful. Believing that, unless the line be drawn so as to give jurisdiction of such questions only as exist in the case at the time it is submitted, there can be no definite line placed, and the door will be opened to an indefinite exercise of jurisdiction by the federal courts over matters of purely local nature, I feel constrained to sustain the demurrer. The matters presented by these subsequent bills and amendments are purely local in their nature; of them, by themselves, confessedly the federal courts would have no jurisdiction. When they were brought into the case there remained no federal question in it for determination, and there being no federal question, there is nothing upon which to hang the jurisdiction of this court. The demurrer will be sustained, and the case will be passed to decree upon the original pleadings and the report of the commissioners, as modified.